UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKSIM DOTSENKO,<br><br>     Plaintiff,<br><br>  v.<br><br>T-MOBILE, FBI: NEW YORK, 60TH AND 61ST POLICE STATIONS, and INTERNATIONAL ORGANIZED CRIMINALS,<br><br>     Defendants. | **MEMORANDUM & ORDER**<br>25-CV-00952 (HG) (JRC) |

**HECTOR GONZALEZ**, United States District Judge:

On February 18, 2025, Plaintiff Maksim Dotsenko, proceeding *pro se*, filed this action against T-Mobile, the Federal Bureau of Investigation ("FBI"), the 60th and 61st Police Precincts in Brooklyn, and "International Organized Criminals." *See* ECF No. 1 (Complaint). Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted. ECF No. 2 (IFP Motion). However, for the reasons set forth below, the Complaint is dismissed.

## BACKGROUND

The Complaint is difficult to understand and consists of disparate claims, mostly related to alleged scams and frauds in some form. For example, Plaintiff alleges:

- Defendants are "hijacking" his calls and emails to the White House, *see* ECF No. 1 at 4[1];

- Cyber criminals are "stealing millions of dollars from the [United States]," "spying on citizens," and "taking America [in] their evil hands and control," *id.* at 5;

---

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Quotations from the Complaint standardize formatting and capitalization.

- Defendants are "destroying" Plaintiff and his mother because they "know everything about [Defendants] and have all proofs [sic], where they are, who they are and what they do," *id.* at 6.

It is unclear what relief Plaintiff is seeking. *See id.* at 6.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). However, a district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's allegations, even under the most liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), can only be described as "clearly baseless" and therefore frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic[,] or delusional.").

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *see Burton v. USA*, No. 21-cv-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations were "irrational"). Having thoroughly reviewed the Complaint, the Court finds that Plaintiff's claims against Defendants, are premised on some sort of international conspiracy among the FBI, T-Mobile, "International Organized Criminals," and two police precincts in Brooklyn to steal money and spread "disinformation against [Plaintiff]." ECF No. 1 at 3. Such a claim is both factually frivolous and based on a meritless legal theory.

Notwithstanding Plaintiff's *pro se* status, the Court will not grant him leave to amend since the Complaint lacks any basis in law or fact. These fundamental defects cannot be cured by amendment and any amendments would therefore be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied as futile); *Burton*, 2022 WL 1093217, at *3 (denying the *pro se* plaintiff leave to amend because "the complaint [was] based on a fanciful factual scenario that could not be cured by amendment").

**CONCLUSION**

For the reasons provided herein, Plaintiff's Complaint, filed *in forma pauperis*, is dismissed as frivolous and the Court declines to grant leave to amend. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       March 4, 2025

4